UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-cr-05128-DGE |
| Plaintiff, | PRETRIAL CONFERENCE AGENDA |
| v. | |
| CAMERON JAMES TAYLOR, | |
| Defendant. | |

The following will be discussed at the Pretrial Conference Scheduled for April 26, 2024 at 9:00 a.m.:

1. **Trial schedule**

   a. **Trial date:** May 6, 2024 at 11:00 a.m.

   b. **Estimated length of trial:**

   c. **Daily schedule:**

      i. 9:00 a.m. to 12:00 p.m. with 15-minute break mid-morning

      ii. 1:30 p.m. to 4:30 p.m. with 15-minute break mid-afternoon

2. **Motions in limine** (Due April 25, 2024; response due April 30, 2024)

   a. **Government's Motions in Limine**

   b. **Defendant's Motions in Limine**

   c. **Stipulation:**

PRETRIAL CONFERENCE AGENDA - 1

3. **Jury instructions**

    a. **Government's Proposed Instructions (Dkt. No. 69)**

    b. **Defendant's Proposed Instructions (Dkt. No. 78)**

        i. Proposed No. 1: Model No. 2.11 – Similar acts in sexual assault and child molestation cases.

        ii. Proposed No. 2: Model § 12.10 of Federal Jury Practice and Instructions (Sixth Edition), modified with language from *United States v. Zumpano*, 436 F.2d 535, 538 (9th Cir. 1970).

    c. **Exceptions to jury instructions will be taken once a complete set is presented to Court.**

    d. **Verdict Form: Government proposed (Dkt. No. 71).**

4. **COVID-19 protocol:** Anyone who tests positive shall immediately inform the Court.

5. **Jury selection**

    a. **Panel of ~50-55 expected**

    b. **12 jurors and 2 alternates** (alternates chosen by lottery before deliberations)

    c. **Voir Dire**

        i. Objections to Court's proposed voir dire (see Appendix A)?

        ii. Objections to Government's proposed voir dire (Dkt. No. 76)?

        iii. Objections to Defendant's proposed voir dire: _____

        iv. Government proposed written questionnaire submitted to panel (Dkt. No. 76-1 at 1–2)

        v. Time allowed for each party total: _____

            1. Government: \_\_\_\_\_ reserved

2. Defendant: \_\_\_\_\_ reserved

      vi. Challenges for cause or *Batson* challenges shall be made outside presence of the jury panel after voir dire is completed.

      vii. Number of peremptory challenges – see Federal Rule of Civil Procedure 24 (6 and 10)

      viii. Seating during voir dire (jury box and gallery?)

**6. Opening statements**

    **a. Length of opening statements:**

      i. Government's estimate: _____

      ii. Defendant's estimate: _____

    **b. Procedure for opening:**

      i. Attorneys remain at dais

      ii. Use of exhibits allowed if agreed to by the parties. Each party is responsible for providing notice of the exhibit(s) they plan to use. If an exhibit is not agreed to, the party shall bring issue to the attention of the court before opening statement.

**7. Closing arguments**

    **a. Length of closing statements:**

      i. Government's estimate: _____

      ii. Defendant's estimate: _____

**8. Witnesses:**

    **a. Government** (as identified in Dkt. No. 70)

      i. Minor Victim 1

        ii. Special Agent Zachary Hippe of the FBI

        iii. Jennifer Taylor

        iv. Phoebe Mulligan

        v. Amelia Mayhall

        vi. Alyssa Layne, King County Forensic Interviewer

        vii. Erin Williamson, FBI Forensic Interviewer

        viii. Niel McDonagh, Community Corrections Officer King County Pre-Sentencing Unit

        ix. Sara Gerlitz, King County Police Department

        x. Terri Thompson

        xi. Beverly Christensen, Department of Public Works, JBLM

        xii. Jennifer Eshom, King County Sheriff's Office

        xiii. Hyacinth Santos

    b. **Defendant**:

        i. Cameron James Taylor (reserves the right to testify)

        ii. Noel Bonifacio (may testify)

    c. **Notification/Professional courtesy**: Each party must notify the other of the witnesses they intend to call or use by the end of the court day prior to the day the party will call the witness.

    d. **Special witness needs/issues**:

9. **Exhibits** (as identified in Dkt. Nos. 63 and 80, though based on Court's prior orders, the Court presumes this list will be modified)

    a. **Government:**

      i. JBLM Home and MV1

1. Photograph of Taylor home, exterior with address
2. Photograph of Taylor home, rear view 1
3. Photograph of Taylor home, exterior duplex rear view 2
4. Photograph of Taylor home, playground view
5. Photograph of Taylor home, interior staircase
6. Photograph of Taylor home, interior couch
7. Photograph of Taylor home, interior closet, looking inside
8. Photograph of Taylor home, interior bedroom
9. Photograph of Taylor home, interior closet, inside view 1
10. Photograph of Taylor home, interior closet, inside view 2
11. Photograph of Taylor home, interior closet, view 3
12. Photograph of Taylor home, interior closet, view 4
13. Blueprints of 2465 A Palmer Lane, Joint Base Lewis-McChord, Washington, 98433
14. Photograph of MV1, Age 5
15. Photograph of MV1, Age 6

(Exhibit numbers 16 through 19 reserved)

      ii. Audio and Video Recordings

20. Forensic Interview of MV1, 2021
21. Forensic Interview of MV1, 2022
22. Audio of J.T. Statement
23. Forensic Interview of MW1

24. Interview of MV1, 2019

(Exhibit numbers 25 through 29 reserved)

    iii. Transcripts

30. Transcript of Forensic Interview of MV1, 2021

31. Transcript of Forensic Interview of MV1, 2022

32. Transcript of Interview of MV1, 2019

(Exhibit numbers 33 through 39 reserved

    iv. Court Documents and Prior Records

40. King County 2021 Information, Plea Agreement, Judgment and Sentence

41. DOC Pre-sentence Report

42. King County Officer Sarah Gerlitz Report, 2019

43 Cameron Taylor statement, 2019

44. Army Discharge Paperwork, Chapter 10 request and approval

45. J.T. Statement RE: 2015 Germany Incident

46. Enlisted Record Brief, Cameron Taylor

(Exhibit numbers 47 through 49 reserved)

    v. Text Messages

50. MV1 Text messages, Photographs of message

51. MV1 Text messages, Extraction

(Exhibit numbers 52 through 59 reserved)

    vi. Other Documents

60 MV1's drawing of JBLM home

PRETRIAL CONFERENCE AGENDA - 6

       61 JBLM Jurisdiction Map

       62 JBLM Jurisdiction Summary

       (Exhibit numbers 63 through 69 reserved)

  vii. Demonstrative / Illustrative Exhibits

       70. Summary Timeline of Taylor Family

 **b.** **Defendant** (as identified in Dkt. No. 77)

  A-1 Audio recorded interview of T.T., August 2019

  A-2 Transcript of audio recorded interview of T.T. from August 2019

**10. <u>General trial procedures</u>**

 **a.** **Objections:** grounds only without explanation; if explanation is needed, Court will take up the objection outside the presence of jury.

 **b.** **Witnesses:** non-exempt excluded. Witnesses must not discuss their testimony or other matters related to the case with other potential witnesses including the non-exempt witnesses.

 **c.** **Counsel for each party** must inform his or her witnesses prior to their testimony of relevant rulings on motions in limine and must direct each witness to abide by those rulings.

**11. <u>Upcoming deadlines</u>**

 **a.** **Submitting evidence**:

  i. Final exhibit list in Microsoft Word and/or Excel format must be emailed to Gretchen Craft, Courtroom Deputy, at gretchen_craft@wawd.uscourts.gov by May ____, 2024.

        ii. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs, as well as uploaded to box.com in PDF format (scanned using Optical Character Recognition if possible and encoded as a searchable PDF).  The original and one copy of the trial exhibits must be delivered to Ms. Craft no later than May ____, 2024. Exhibits must be uploaded to box.com by this date as well.  If JEEPS is being used, only one set of paper exhibits is required.

        iii. Witness lists indicating the order in which your witnesses will testify at trial must be provided to Ms. Craft in Word format no later than May ___, 2024.

**12. <u>Issues that Arise During Trial</u>**

    a. **After Court Hours**: Should an issue arise during trial after court hours, counsel are instructed to meet and confer to determine whether the issue may be resolved without court intervention.  If such meet and confer efforts are unsuccessful, counsel must notify the courtroom deputy and chambers of the issue by email at Gretchen_Craft@wawd.uscourts.gov and estudilloorders@wawd.uscourts.gov.

Dated this 25th day of April 2024.



David G. Estudillo
United States District Judge

PRETRIAL CONFERENCE AGENDA - 8

**Appendix A**

**General voir dire:**

Good morning and welcome to the United States District Court for the Western District of Washington. I am David Estudillo, Chief District Judge. We are beginning a jury trial in a criminal case. [Introduce Court personnel to the jury.]

The first stage of a jury trial is the selection of a jury, which is called "voir dire." Please keep in mind that serving as a juror is a fundamental obligation that we all share as citizens. Under our Constitution, a defendant charged by the government with the commission of a crime has the right to be tried before an impartial jury made up of 12 citizens of our community.

Your role as jurors in this case is quite specific. You will serve as the fact finder. You will make the determination of guilty or not guilty as this case involves an alleged violation of federal law. The only tools you will need during this trial will be notebooks and they will be presented to you at the appropriate time with an instruction on their use.

I'll now formally introduce this case and the parties. This is the matter of United States of America v. Cameron James Taylor. The Government is represented by Assistant United States Attorneys Hillary Stuart and Erika J. Evans. Please stand and introduce yourselves and anyone seated with you at counsel table. Defendant Cameron James Taylor is represented by attorney Heather Caroll. Please introduce yourself, your client, and anyone else seated at counsel table.

The Government filed an indictment charging Defendant Brian Tillman with one count of Abusive Sexual contact with a Child. Please remember that an indictment is simply the description of the charge made by the Government against a defendant. It is not evidence of anything.

Case 3:23-cr-05128-DGE   Document 80   Filed 04/25/24   Page 10 of 15

The defendant has entered a plea of not guilty to the charge and he is presumed innocent unless and until he is proven guilty beyond any reasonable doubt. The burden of proof is upon the government and a defendant always has the right to remain silent, and he does not need to prove innocence or present any evidence.

To ensure that this case will be tried before an impartial jury, the attorneys and I will ask you a series of questions to help the Court and the attorneys in the jury selection process. However, the law requires that prospective jurors be sworn before any questions are asked. All prospective jurors in the courtroom, please rise, raise your right hand and be sworn. Madam clerk, please administer the oath:

> Do you and each of you solemnly swear that the answers you shall give to the questions asked by the court or under the direction of the court relating to your qualifications to act as jurors in the cause now before the court, shall be the truth, the whole truth and nothing but the truth? If you so swear or affirm, please say "I Do."

The questions that the attorneys and I will ask you during this process are not asked to embarrass you or to pry into your private affairs, but to determine whether you are unbiased and make sure that you do not have any preconceived ideas that might affect the case. We want to ensure that we have an impartial jury. You should not withhold information in order to be seated on the jury, and you should also be straight-forward in your answers rather than answering in the way you feel the attorneys or I expect you to answer. These questions may sometimes involve issues that are sensitive for you. If you are uncomfortable answering any particular question in front of the other jurors, please let me know or notify one of the deputy clerks of our court, and we will have you answer the question outside the presence of the other jurors.

The attorneys have the right and duty to challenge any jurors for cause. A challenge for cause results from a concern that a juror cannot be impartial for some reason – for example, because of a relationship with a party or witness or bias concerning some issue in the case. The attorneys may also challenge a prescribed number of jurors without giving any reason as a guarantee to both parties that they may remove some jurors if they wish. This is called a peremptory challenge. You should not take offense if you are challenged, since the challenges are not exercised as a personal reflection on you. The fourteen jurors with the lowest numbers who have not been challenged will comprise the jury; specifically, twelve will be seated on the jury and two will serve as alternates.

One of the customs and rules of the court is that parties and lawyers do not greet jurors or otherwise interact with them outside of this courtroom during voir dire and trial. The purpose is to avoid any impression of trying to curry favor with a juror. Not only must the trial be fair, it must appear to be fair and interactions between any of the participants and a juror or potential juror may give an improper appearance. So, if you pass any of us at some point and we ignore you, please don't be offended; we are obligated to do that under this rule.

I will now ask some questions generally of all prospective jurors. The questions I ask, the questions I permit the attorneys to ask, and the instructions I give are directed to each and every juror in the courtroom, so please pay close attention. If your answer to a question is "yes" or "maybe yes," to any of these questions, please raise your number until the attorneys and I have made a note of your response. If you feel the question calls for an answer that is too personal or sensitive and you would prefer to answer it out of the presence of the other jurors, again, let us know, and we will have you respond on the record, but in front of just me and the parties and court staff.

Even after I have asked a question and moved on to another one, if you remember something that would have changed your response to a prior question, please raise your hand and let me know that information. This occurs from time to time, and it is very important that the attorneys have complete information to assist them in the jury selection process.

1. This trial is expected to last for _____ days.  We will start each day at 9:00 a.m. and finish no later than 4:30 p.m. each day.  We will not be in court on Fridays as I have other matters scheduled on Fridays.  We will have a morning break of fifteen minutes, a lunch break of an hour and a half, and an afternoon break of fifteen minutes.  At the end of the _____ trial, there is no limit on the amount of time that the jury may deliberate and a jury will continue to deliberate on Fridays.

2. It is important that we don't lose our jury, lawyers, or witnesses to illness during trial, so I am asking everyone in the courtroom to be mindful of their own health and its potential impact on others.  So if you are feeling ill, please let us know now.  During questioning today, I will ask those of you wearing masks to remove them while answering.  I will require witnesses who testify during the trial to remove their masks unless they have a medical reason for keeping them on.  During questioning today, you'll be next to each other in the gallery as you are now.  During trial we are going to have 14 jurors, and you'll be seated next to one another in this jury box.

3. Considering the schedule I just identified and any other issue I have just discussed, is there any juror who has a hardship that may prevent them from participating in this trial? (explain hardship)

4. Is there anything about the nature of this case that would cause you to start into the trial with any bias or prejudice, either one way or another?

5. The Court previously introduced the Assistant United States Attorneys Hillary Stuart and Erika Evans.  Do you know either of them or anyone in the United States Attorney's Office?

6. The Court previously identified the defendant Cameron James Taylor and his attorney Heather Carroll.  Do you know the defendant or his attorney in this case?

7.  Have you heard or read anything about this case?

8. I will now ask counsel for the government to list all of the witnesses that they may call to testify.  Please raise your card if you believe that you know any of these witnesses. (Government attorney reads names.)

9. I will now ask counsel for the defendant to list all of the witnesses that they may call to testify.  Please raise your card if you believe that you know any of these witnesses. (Defense counsel reads names.)

10. Do you know anyone who works in the legal system: judge, lawyer, clerk, probation officer, paralegal, etc.?

11. Do you have any training or work experience in the field of law?

12. Are you or is anyone close to you connected with law enforcement of any kind, including federal, state, tribal, county, city, or private?

13. Have you served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

    a. Those of you who raised your cards to that question, please raise your card again if you ever served as the foreperson.

    b. Those of you who have been on a criminal jury, is there anyone whose jury was not able to reach a verdict?

PRETRIAL CONFERENCE AGENDA - 13

14. Take a look around, do you know any of the other jurors from any contact other than your meeting this morning?

15. Have you ever testified before in any court proceeding, and by "court proceeding," I do not mean a deposition?

16. Have you or has anyone close to you ever been a litigant/party in a court hearing or proceeding?

17. Have you or has anyone close to you ever been accused, rightly or wrongly, with committing a criminal offense?

   a. Those of you who raised your cards to that question, please raise your card again if you believe that the police and the prosecution conducted themselves improperly in any way.

18. Have you ever had an unfavorable experience with a law enforcement officer or a prosecutor?

19. Have you or has anyone close to you ever been the victim of a criminal offense?

20. Do any of you have any moral, religious, or philosophical beliefs that would prevent you from returning a verdict against another person in a criminal case?

21. As a juror in a criminal case, your obligation would be to listen to the evidence and from that determine the facts according to the law as given to you by the court. You must follow the court's instructions on the law even if you disagree with them. Is there anyone who would be unable or unwilling to follow the court's instructions if you thought the law was unwise or wrong?

22. You will be instructed that the defendant is presumed to be innocent until proven guilty and that the burden is upon the government to prove the defendant guilty

1.        beyond a reasonable doubt. Is there anyone among you who has a problem or other issue with these principles of law?
2. 23. Is there anyone who can think of any reason that would prevent you from being able to render a fair and impartial verdict in this case?
3. 24. Thank you all. I will now permit the lawyers to have minutes per side to ask additional voir dire questions. [Counsel voir dire.]

**FINAL QUESTION:** Having heard the questions put to you by the Court and the attorneys, is there any reason why you could not sit on this jury and render a fair verdict based on the evidence presented to you and the Court's instructions to you on the law?

**Government Proposed Voir Dire** (Dkt. No. 76) (some may be duplicative of Court's):

**Defendant's Proposed Voir Dire** (Dkt. No. __) (not yet filed):

PRETRIAL CONFERENCE AGENDA - 15